IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LIUVER BARRETO MORA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-686-KC |
| § | |
| U.S IMMIGRATION AND § | |
| CUSTOMS ENFORCEMENT et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the case. Ramon Mora filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of his nephew, Liuver Barreto Mora.[1]

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017). "Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of

---

[1] The Court notes that the Petitioner's name is Liuver Barreto Mora, not Liuber Barreto Mora, as it appears in the Petition. *See* Notice Name Correction, ECF No. 2.

the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Mora likely meets the second element, as he has a significant relationship with Barreto Mora and seeks his release. As for the first element, Mora states that Barreto Mora's ongoing "detention restricts meaningful access to the courts." Pet. ¶ 12. The Court receives many petitions filed by detainees at the same facility where Barreto Mora is incarcerated—therefore, the simple fact of his detention, without more, is insufficient to allow him to proceed through a next friend. The Court thus exercises its discretion to order a supplemental filing to determine whether Mora may proceed as "next friend" on behalf of Barreto Mora. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, <u>**by no later than April 1, 2026**</u>, either:

(1) Mora must **FILE** written notice detailing why Barreto Mora cannot proceed with this petition for a writ of habeas corpus on his own behalf, or

(2) Barreto Mora must **FILE** written notice expressing his intent to proceed with this petition pro se.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Mora and Barreto Mora via certified mail at the following addresses:

Ramon Mora
901 Bernice Ave., Apt. 17
Odessa, TX 79763

Liuver Barreto Mora
A-244-714-794
ERO El Paso Camp East Montana
6920 Digital Road

El Paso, TX 79936

**SO ORDERED**.

SIGNED this 11th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE